UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRYANT TERRELL,

        Plaintiff,

v.                                               Case No:   6:25-cv-468-CEM-LHP

TERRENCE WOODARD,

        Defendant

---

## ORDER

    Before the Court is Plaintiff's Motion to Have a U.S. Marshal Deliver the Case Summons to the Defendant.  Doc. No. 13.  Plaintiff, proceeding *pro se*, asks that the Court authorize service by the United States Marshals Service, stating that the Defendant is "[his] previous employer at Great Oaks Village Orange County Government" and that Plaintiff is "unable to access the company property because [he has] been terminated from Orange County Government."  *Id.*  Upon review, the motion (Doc. No. 13) is **DENIED without prejudice**.

    As an initial matter, the motion fails to comply with Local Rule 3.01(a) because it does not include a memorandum of legal authority in support. Moreover, Federal Rule of Civil Procedure 4(c)(3) provides that "the court may

order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916."

Here, because Plaintiff has paid the filing fee, the Court is not obligated to order that service be made by the United States Marshal. *See Somerville v. Dep't of Health & Hum. Servs.*, No. 6:24-cv-2185-JSS-EJK, 2024 WL 5090233, at *1 (M.D. Fla. Dec. 12, 2024). And "although Rule 4(c)(3) . . . gives the [c]ourt discretion to order the United States Marshal to serve civil process, the Advisory Committee Notes state that [such] appointment . . . is generally proper when it is necessary to keep the peace." *Id.* (citing *Nappi v. Welcom Prods., Inc.*, No. 8:13-cv-3183-T-33TGW, 2014 WL 2050826, at *2 (M.D. Fla. May 19, 2014)). Plaintiff has not argued that circumstance is present here, and Plaintiff's motion does not establish why service by the United States Marshal is necessary, given that there are available avenues for Plaintiff to effect service, to include retaining a private process server or requesting that Defendant waive service. *See Prosperous v. Todd*, No. 8:17-cv-996-T-33MAP, 2017 WL 2291367, at *1 (M.D. Fla. May 25, 2017) (denying Rule 4(c)(3) motion for same reason); *see also GMAC Real Est., LLC v. Waterfront Realty Grp., Inc.*, No. 2:09-cv-546-FtM-36SPC, 2010 WL 2465170, at *2 (M.D. Fla. June 15, 2010) (denying motion to appoint special process server where "Plaintiff has provided no factual

basis for why a court order is necessary to accomplish service of process and does not include any legal authority in support of its Motion other than Rule 4(c)(3)").

**DONE** and **ORDERED** in Orlando, Florida on July 22, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties